Local AO 472 (Rev. 5/19)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | ORDER OF DETENTION PENDING |
| Plaintiff, | ) | TRIAL |
| | ) | |
| vs. | ) | Case No.  3:20-cr-00042 |
| | ) | |
| Anthony Wade | ) | |
| Defendant. | ) | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that the following facts require the detention of the defendant.

## PART I – FINDINGS AND CONCLUSIONS

[✓] **Alternative A –** The Court finds:

- [✓] (1) (a)  There is probable cause to believe that defendant has committed an offense listed in 18 U.S.C. § 3142(e)(3), **or**
- [ ] (b)  Defendant is charged with an offense listed in 18 U.S.C. § 3142(f), and has been convicted of an offense described in 18 U.S.C. § 3142(e)(2); **and**
- [✓] (2) (a)  Defendant has not presented sufficient evidence to rebut the presumption above, and detention is ordered on that basis, **or**
- [ ] (b)  Defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

[ ] **Alternative B –** The Court finds one or more of the following:

- [ ] (1) The Government has proved by preponderance of the evidence that no condition or combination of conditions will reasonably assure defendant's appearance.
- [ ] (2) The Government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably ensure the safety of other persons or the community.
- [ ] (3) The Government has proved by a preponderance of the evidence that there is a serious risk that defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

[ ] **Alternative C –** The Court finds one of the following:

- [ ] (1) Defendant does not contest detention at this time.
- [ ] (2) Defendant is not eligible for release at this time.
- [ ] (3) Defendant shall remain in custody until a residential reentry placement is available.

## PART II – WRITTEN STATEMENT OF REASONS FOR DETENTION

On March 4, 2020, the court held a hearing on the motion of the United States for detention of Anthony Wade pending trial. The United States proffered evidence of circumstances surrounding the charged offense, and further relied on evidence in the pretrial services report. Wade requested release to reside with family in Detroit, Michigan. Alternatively, he requested release to a residential reentry center. Although the United States asserted other Michigan residents charged in similar cases in this district had not appeared when released, the United States acknowledged it had no evidence connecting Wade to any of those individuals. The court has therefore not considered that assertion in reaching its decision. Because Wade has no residential, family, financial, or employment ties to this district and has an extensive criminal history, the court finds no condition or combination of conditions would reasonably assure his appearance at future proceedings.

## PART III – DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of an appearance in connection with court proceedings.

Date:  3/4/20

*/s/ Alice R. Senechal* _____
United States Magistrate Judge